IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:05-CR-314-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MAMIE LOUISE JONES | ) | |

This matter is before the Court on Defendant's Motion for Reduction of Sentence Based on Unwarranted Sentence Disparity Concerning Weight Equivalency of Crack to Powder [DE 85]. The Government has responded [DE 87] and the matter is ripe for ruling.

Defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. §846 and on August 22, 2006, was sentenced to a term of imprisonment of 262 months. Defendant now moves *pro se* for a reduction of her sentence under the Fair Sentencing Act of 2010 (FSA), Pub. L. 111-220, 124 Stat. 2372. The FSA reduces the disparity in sentencing between crack cocaine and powder cocaine offenses.

As directed by the FSA, the U.S. Sentencing Commission promulgated Amendment 748, an emergency amendment to bring the Sentencing Guidelines in conformity with the provisions of the FSA. U.S.S.G., App. C, Amed. 748. Amendment 748 was subsequently re-promulgated by the U.S. Sentencing Commission as a permanent amendment (Amendment 750) and on June 30, 2011, was given retroactive effect. *See* 76 Fed. Reg. 41332-41335 (July 13, 2011). Amendment 750 is not effective, however, until November 1, 2011. *Id.*

A Court may reduce a defendant's sentence if the sentencing range under which defendant

was originally sentenced has been subsequently lowered by the Sentencing Commission and a reduction is consistent with applicable Sentencing Commission policy statements. 18 U.S.C. §3582(c)(2). Because the policy statement on which Defendant's motion rests is not yet effective, the Court will stay the pending motion.

Accordingly, Defendant's Motion for a Reduction in Sentence is hereby STAYED until November 1, 2011. At that time, the Government is DIRECTED to file an amended response to address the applicability of Amendment 750 to Defendant's sentence.

SO ORDERED, this 19 day of September, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE